IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Walter Deotis Foster ) | |
| ) | Civil No.: 4:11-cv-70062-TLW |
| Petitioner, ) | Criminal No.: 4:04-cr-1039-TLW |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Walter Deotis Foster (hereinafter "Petitioner" or "Defendant").

On November 16, 2004, a federal grand jury returned a single count Indictment against Petitioner charging him with one count of possession with intent to distribute 5 grams or more of cocaine base (commonly known as crack cocaine) in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B). (Doc. # 1). Petitioner entered a plea of guilty to the pending Indictment on May 3, 2005. (Docs. # 29-31). Petitioner was sentenced to 204 months imprisonment on July 27, 2005 with Judgment entered August 2, 2005. (Docs. # 32-34). No notice of appeal was filed.

Thereafter, Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255.[1] On May 16, 2011, the Government filed a motion for summary judgment and a supporting

---

[1] Petitioner filed a "motion to reinstate his sentence appeal right" on May 25, 2006, which was re-characterized by the Court as a § 2255 Petition after notice to, and with the consent of, Petitioner. See Castro v. United States, 124 S. Ct. 786 (2003). The Court noted the date the motion was filed as the appropriate date for statute of limitations purposes, although the filing was not formally docketed as § 2255 Petition until March 30, 2011.

1

memorandum in opposition to Petitioner's petition. (Docs. # 58 & # 59). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed May 19, 2011 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 60). Petitioner filed a response on June 9, 2011 and further correspondence with the Court on January 23, 2012 . (Docs. # 62 & 65). The matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)).

In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved for summary judgment as to all grounds raised by Petitioner. (Doc. # 59). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 324. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law"

because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

**DISCUSSION**

Petitioner asserts in his motion that his counsel was ineffective for failing to file a notice of appeal after being instructed to do so. Petitioner indicates that he requested counsel file a notice of appeal. In an affidavit submitted by trial counsel and filed with the Court, trial counsel indicates that "at no time did the Defendant specifically request [her] to file an appeal." While the Government argues that Petitioner's plea agreement included an appeal waiver and that Petitioner was aware he was waiving his right to appeal, Petitioner nonetheless asserts that he instructed his counsel to file a notice of appeal.

The Fourth Circuit has concluded that "a criminal defense attorney's failure to file a notice of appeal when requested deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir.1993). This deprivation of the right to appeal entitles Petitioner to relief under 28 U.S.C. § 2255. See Id. The Fourth Circuit clarified that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007). Thus, the Fourth Circuit concluded that an appeal must be filed when the client so desires, regardless of whether the plea agreement contains an appeal waiver.

When faced with such an allegation from a habeas petitioner, the Court may vacate the judgment of conviction and immediately enter a new judgment from which a direct appeal may be taken. See Holmes v. U.S., 2010 WL 1791256, 2 (D.S.C. 2010) (citing United States v. Peak, 992 F.2d 39, 42 (4th Cir.1993). This action will allow the petitioner to make a timely appeal pursuant to the Federal Rules of Appellate Procedure. Under these circumstances, this Court concludes it is appropriate to allow the appeal to proceed. A hearing in this matter would not change the outcome of this decision. Therefore, the Court grants the Petitioner relief under 28 U.S.C. § 2255 allowing him to proceed with an appeal.

## **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's motion for relief under 28 U.S.C. § 2255 is **GRANTED** with respect to Petitioner's claim that his attorney failed to file a notice of appeal on his behalf. Therefore, the Court hereby vacates Petitioner's sentence of conviction and immediately reinstates and reimposes his conviction. The Petitioner shall have 14 days from the filing date of this Order to file a notice of appeal of his original conviction and sentence. In addition, the Clerk of Court is directed to refer this case to the Magistrate Judge assigned to it for purposes of appointing an attorney to assist the Petitioner with his appeal.

**IT IS SO ORDERED.**

s/Terry L. Wooten  
TERRY L. WOOTEN  
United States District Judge

August 22, 2012  
Florence, South Carolina